## COMMONWEALTH *vs.* HEMAN M. SIMONDS.

An indictment for uttering as true a counterfeit bank bill, which describes it as a promissory note, is a good indictment under the Rev. Sts. *c.* 127, § 2, if it does not show tha the note is one of those described in § 6.

INDICTMENT for uttering as true a false, forged and counterfeit promissory note, one count of which averred that the defendant, on the 10th of February 1858, at Lowell, " feloniously had in his custody and possession a certain false, forged and counterfeit promissory note, the said Simonds then and there knowing the same to be false, forged and counterfeit, which said false, forged and counterfeit promissory note is of the tenor following, that is to say : ' State of Massachusetts. A. No.

4154. The City Bank will pay two dollars to the bearer on demand. Worcester, December 1, 1856. P. Hammond, Cash'r. G. W. Richardson, Pres't.' And the said Heman M. Simonds did then and there feloniously utter and publish the same as true, with intent thereby then and there to injure and defraud, he, the said Heman M. Simonds, then and there knowing the said promissory note to be false, forged and counterfeit."

The defendant, being found guilty on this count, moved in arrest of judgment in the court of common pleas in Middlesex at October term 1858, and that motion being overruled by *Aiken,* J., alleged exceptions.

*N. St. J. Green,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

HOAR, J. The only reason for the motion in arrest of judgment, upon which the defendant relies, is this; " that the instrument or paper found to have been uttered, is not sufficiently described as a promissory note, but should have been set out as a bank bill, which on its face it purports to be."

The count is founded upon the Rev. Sts. *c.* 127, § 2 ; and the instrument described in it appears to have been in form a bank bill. It has been long since settled in this commonwealth, that a bank bill is also a promissory note, and may be described as such. *Brown* v. *Commonwealth,* 8 Mass. 64. *Commonwealth* v. *Carey,* 2 Pick. 47. But the defendant contends, that although this is so far true, that in the absence of any express provision for the crime of uttering counterfeit bank bills, they might be set out in an indictment as promissory notes, yet that this cannot now be done, because the offence of uttering counterfeit bank notes has been made by section 6 of the same chapter a distinct offence, for which a different punishment has been appointed ; and it is strongly urged upon the attention of the court that the cases in which a bank bill has been held to be properly described in an indictment as a promissory note, have all been cases of bills of banks out of this commonwealth, to which the provisions ot section 6 did not apply ; and that this doctrine is sustained by two decisions of the supreme court of New Hampshire. *State* v. *Ward,* 6 N. H. 529. *State* v. *Hayden,* 15 N. H. 355. *Commonwealth* v. *Woods & Thomas,* 10 Gray, ·

Commonwealth *v.* Simonds.

It is obvious that a bank bill is no less a promissory note when issued by a bank incorporated in this commonwealth, than if it were issued by a bank established or incorporated in some other state. The whole force of the objection is then reduced to this, that it appears by the indictment that the counterfeit paper was a bank bill within the provision of section 6, and so subject to a different penalty from that prescribed for the uttering of other promissory notes. But the argument seems to be suicidal. If the averments in the indictment show that the paper uttered was a bank bill, within the provisions of section 6, and thus that the uttering it was an offence subject to the penalty therein prescribed, the motion in arrest of judgment cannot prevail, because it is a good count under that section. To this the defendant very justly replies, that it is not alleged in the count to be a " bank bill or promissory note payable to the bearer thereof, or to the order of any person, issued by any incorporated banking company in this state, or payable therein at the office of any banking company, incorporated by any law of the United States," and so does not come within the kind of bank bills referred to in section 6. This is true ; and in an indictment against this same defendant a year ago, the judgment was arrested by reason of this very defect. *Commonwealth* v. *Simonds*, Middlesex, 1858. But it follows that there is nothing in the allegations in this indictment to show that the bank bill, which the defendant is charged with uttering, is one for the uttering of which the specific and distinct provision of section 6 is made, and it may therefore be well described as a promissory note under the second section.

*Exceptions overruled.*